IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HITACHI CREDIT AMERICA CORP., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-56-CVE-PJC |
| | ) | |
| TULSA TELECOM AND UTILITIES LLC, | ) | |
| MICHAEL KYLES and CAVIN COFFELT, | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROCK SOLID DIRECTIONAL | ) | |
| BORING LLC, ATTN: CAVIN COFFELT, | ) | |
| Registered Service Agent, | ) | |
| | ) | |
| **Garnishee.** | ) | |

## REPORT AND RECOMMENDATION

### INTRODUCTION

This matter came before the Court on Plaintiff's Application for Order Requiring garnishee to Answer Garnishment and Pay Any Monies or property to Plaintiff. [Dkt. No. 74]. Thereafter, the undersigned United States magistrate judge set a hearing for Garnishee, Rock Solid Directional Boring LLC ("Red Rock") to show cause as to why it had failed to answer the Garnishment. [Dkt. No. 75]. The hearing was held on September 18, 2013 ("the September 18, hearing"), but Garnishee failed to appear or otherwise plead. [Dkt. No. 78]. Thereafter, the undersigned entered Default Judgment against Garnishee [Dkt.

1

No. 79] and an Order Nunc Pro Tunc [Dkt. No. 85]. The Default Judgment and Order Nunc Pro Tunc were entered erroneously and will be vacated. The matter is subject to the requirements of 28 U.S.C. §636(b)(1)(B) and must be presented to the District Court on Report and Recommendation. Furthermore, on October 11, 2013, Plaintiff filed a Motion for Attorney's Fees Against Garnishee. [Dkt. No. 82]. That matter will be addressed and included in this Report.

The Findings below are based on the materials submitted to the Court by Plaintiff as well as evidence proffered at the September 18 hearing.

## Findings

1.     On April 16, 2010, this Court entered a Deficiency judgment in favor of Plaintiff Hitachi Credit America Corp. ("Hitachi") and against Defendant Michael Kyles in the principal amount of $85,522.91, plus interest.  [Dkt. No. 64].

2. In support of its collection efforts on the Deficiency Judgment, on June 12, 2013, Hitachi issued a Continuing Earnings Garnishment ("Garnishment") to Rock Solid Directional Boring, LLC ("Garnishee") against Defendant, Michael Kyle's earnings.  The Garnishment was mailed to Garnishee by Certified Mail on June 13, 2013, Attn: Cavin Coffelt, R.S.A., P.O. Box 307, Catoosa, OK 74015 [Dkt. Nos. 71 & 72];

3.     The Garnishment was served on Garnishee, by serving its Registered Agent Cavin Coffelt ("Coffelt") at P.O. Box 307, Catoosa, OK 74015, by certified

mail on June 24, 2013.  The Certificate of Service filed herein reflects Coffelt's receipt of the Garnishment as the Registered Agent of Garnishee at P.O. Box 307, Catoosa, OK 74015, on June 24, 2013. [Dkt. No. 73];

4.      On July 29, 2013, after Garnishee failed to file an Answer to the Garnishment and failed to pay to Hitachi any monies or property due under the Garnishment, Hitachi filed its Application;

5.      On August 7, 2013, the Court entered its Show Cause Order, scheduling a Show Cause Hearing on Hitachi's Application for September 18, 2013 at 9:30 a.m. in Courtroom No. 2, 3rd floor [Dkt. No. 75];

6.      The Show Cause Order ordered the Garnishee to appear by and through its authorized representative at the Show Cause Hearing and show cause why the Garnishee had failed to answer the Garnishment, why the Garnishee had failed to pay money or property due to Hitachi and why judgment should not be entered against Garnishee in the principal amount of the judgment against the Defendant, Michael Kyles, plus interest, costs and attorney's fees [*Id.*];

7.      The Show Cause Order directed notice of the Show Cause Order and scheduling of the Show Cause Hearing be given to the Garnishee, to Rock Solid Directional Boring, LLC, Attn: Cavin Coffelt, R.S.A., P.O. Box 307, Catoosa, OK 74015, by certified mail, return receipt requested [*Id.*];

3

8.     On August 8, 2013, Hitachi's counsel mailed a copy of the Show Cause Order to Rock Solid Directional Boring, LLC, Attn: Cavin Coffelt, R.S.A., P.O. Box 307, Catoosa, OK 74015, by certified mail, return receipt requested;

9.     On August 13, 2013, the certified mail containing the Show Cause Order was refused by Coffelt, the Registered Agent of Rock Solid Directional Boring, LLC;

10.     Pursuant to 12 O.S. §2004(C)(2)(c), made applicable through Federal Rule of Civil Procedure 4(h)(1)(A), Hitachi's counsel mailed to Garnishee by first class mail the Notice required by 12 O.S. §2004(C)(2)(c);

11.     Pursuant to 12 O.S. §2004(C)(2)(c), the Notice enclosed a copy of the Show Cause Order and advised Garnishee that despite such refusal of service of the Show Cause Order, the Garnishment action and Show Cause Hearing would proceed against the Garnishee and judgment by default would be rendered against the Garnishee unless Garnishee appeared to defend the Garnishment action and appeared at the Show Cause Hearing pursuant to the Show Cause Order;

12.     On September 18, 2013, Hitachi's counsel appeared at the Show Cause Hearing, but Garnishee appeared not either in person, through a representative, or an attorney and is wholly in default;

13.     Hitachi's counsel advised the Court that although Garnishee's Articles of Organization filed with the Oklahoma Secretary of State states

4

Coffelt's address for service is 26570 Foxen Dr., Claremore, OK 74019, a March 1, 2013 Financial Statement provided by Michael Kyles to the Bank of Commerce, Catoosa, OK ("Bank") and a Promissory Note executed and delivered by Garnishee to the Bank state P.O. Box 307, Catoosa, OK is the Garnishee's address;

14.     Garnishee's refusal of the certified mail containing the Show Cause Order and Hitachi's counsel's mailing by first class mail the Notice with a copy of the Order for Show Cause Hearing enclosed is proper service pursuant to 12 O.S. §2004(C)(2)(c) made applicable through Federal Rule of Civil Procedure 4(h)(1)(A).

15. In connection with the requested Default Judgment, Hitachi seeks Judgment against Garnishee for the full amount of the Deficiency Judgment in the principal amount of $85,522.91, together with applicable interest, costs in the amount of $515.00 and attorney's fees in the amount of $5,737.50, plus post-judgment interest on the attorney's fees from June 12, 2009, until paid.  (These amounts have previously been approved by the Court [Dkt. Nos. 38, 39, 40, 41, 62, 63, 64].

16. Hitachi seeks attorney fees in the amount of $4,993.75 in connection with its Garnishment and subsequent default of Garnishee Rock Solid.

## Conclusions

1.      Rock Solid was properly served with Garnishment Summons and failed to Answer.   Rock Solid was then notified of a show cause hearing on September 18, 2013, and failed to appear or otherwise plead.

2.      12 O.S. §2004(C)(2(c) provides in pertinent part:

Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant.

The record evidence establishes that Rock Solid and its Registered Service Agent, Cavin Coffelt, refused service of notice in this matter.   [Dkt. No. 77]. Accordingly, by operation of Fed.R.Civ.P. 4(h)(1)(A) & 4(e)(1), service was proper under 12 O.S. §2004(C)(2(c).

3.      Garnishee's failure to Answer, failure to appear for show cause hearing and failure to object or otherwise plead after having been properly served with Garnishment Summons and Notice of hearing, makes Rock Solid liable "for the amount of the judgment and costs due the judgment creditor from the defendant in the principal action together with the costs of the garnishment, including a reasonable attorney's fee." 12. O.S. §1179.

4.      In a case based on diversity jurisdiction, attorney fees are substantive and are determined by state law.   *Oklahoma Natural Gas Co. v. Apache Corp.*, 355 F.Supp.2d 1246, 1252 (N.D.Okla. 2004); *Oulds v. Principal Mutual Life Ins. Co.*, 6 F.3d 1431, 1445 (10th Cir. 19093).   The undersigned has

reviewed the Plaintiff's attorney fee request for fees incurred in prosecuting this garnishment action under the standards announced in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659, 660-61.

5.     The requested hourly rate of $225 is in line with billing rates often approved by this Court.   *Eg., Oklahoma Natural Gas*, 355 F.Supp.2d at 1255-56. Furthermore, the hours billed – 25.20 – also appear to be reasonable.   Thus, I recommend that attorney fees of $4,993.75 be awarded to Hitachi and against Garnishee Rock Solid.

IT IS THEREFORE RECOMMENDED that Plaintiff, Hitachi Credit America Corp., shall have judgment against the Garnishee, Rock Solid Directional Boring, LLC in the principal amount of $85,522.91, together with applicable interest, costs in the amount of $515.00 and attorney's fees in the amount of $5,737.50, plus post-judgment interest on the attorney's fees from June 12, 2009, until paid, the costs of this garnishment proceeding, the probable costs of this action, and attorney's fees of $4,993.75 for the garnishment proceeding pursuant to 12 O.S. §1190.

<u>SERVICE</u>

**Within five (5) days of this REPORT AND RECOMMENDATION, Hitachi shall send a copy of the R&R to Garnishee, Rock Solid Directional Boring LLC, ATTN: Cavin Coffelt, R.S.A., Box 307 Catoosa, OK 74015, and to 26570 Foxen Drive, Claremore, OK, 74019, by U.S. Mail, certified mail,**

**return receipt requested, and shall thereafter certify its compliance to the Court.**

<u>OBJECTIONS</u>

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned.  As part of his review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation.  Allowing time for service of the Report and Recommendation, Garnishee must file any objections to this Report and Recommendation by **January 2, 2014.** U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court.  *See Moore v. U.S.,* 950 F.2d 656 (10th Cir. 1991); *Wirsching v. Colorado,* 350 F.3d 1191, 1197 (10th Cir. 2004) and *Talley v. Hesse,* 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED this 10th day of December 2013.

Paul J. Cleary
United States Magistrate Judge

8