UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HITACHI CREDIT AMERICA CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0056-CVE-PJC |
| ) | |
| TULSA TELECOM AND UTILITIES, LLC, ) et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ROCK SOLID DIRECTIONAL BORING ) LLC, ATTN: CAVIN COFFELT, ) Registered Service Agent, ) | |
| ) | |
| Garnishee. ) | |

**OPINION AND ORDER**

On December 10, 2013, Magistrate Judge Paul J. Cleary entered his Report and Recommendation (Dkt. # 89) (R & R) regarding plaintiff's Application for Order Requiring Garnishee to Answer Garnishment and Pay Any Monies or Property to Plaintiff (Dkt. # 74) and Plaintiff, Hitachi Credit America Corp's Motion for an Award of Attorney's Fees Against Garnishee, Rock Solid Directional Boring, LLC (Dkt. # 82). The magistrate judge recommended that the motions be granted. An objection (Dkt. #94) was filed to the R & R by the deadline imposed by the magistrate judge, and plaintiff responded (Dkt. # 98).

**I.**

A deficiency judgment was entered against defendant Michael Kyles on April 6, 2010, in favor of Hitachi Credit America Corp. (Hitachi). Dkt. # 64. On June 12, 2013, a garnishment affidavit was filed and a garnishment summons was issued. Dkt. # 71; Dkt. # 72. The garnishee is

Rock Solid Directional Boring, LLC (Garnishee). Dkt. # 71; Dkt. # 72. Legal documents state that Garnishee's address is P.O. Box 307, Catoosa, OK 74015. See Dkt. # 98-1, at 1; Dkt. # 98-2, at 1. Cavin Coffelt is the registered agent of Garnishee. Dkt. # 94, at 2, 33. The address of Garnishee's registered agent, as filed with the Oklahoma Secretary of State, is 26570 Foxen Drive, Claremore, OK 74019. Id.

Both the garnishment summons and the affidavit list the address of Garnishee as its Catoosa post office box. Dkt. # 71; Dkt. # 72. Additionally, the certificate of service states that on June 13, 2013, a copy of the affidavit and summons were delivered to the Catoosa post office box. Dkt. # 73, at 1-2. The copies were received and signed for by Coffelt on June 24, 2013. Dkt. # 73, at 3.

In June 2013, Coffelt suffered a serious knee injury. Dkt. # 94, at 2. Coffelt had knee surgery on July 31, 2013. Id. Coffelt did not work until his rehabilitation was complete. Id.[1]

Garnishee did not file an answer to the garnishment summons, and an order was entered on August 7, 2013, setting a show cause hearing for September 18, 2013. Dkt. # 75, at 1-2. A copy of the order was sent by certified mail to the Catoosa post office box. Dkt. # 77, at 1.[2] The certified mail was refused, because the post office box had been closed for non-payment. Dkt. # 77, at 2; Dkt.

---

[1] Garnishee states that Coffelt did not work "[f]rom the date of the injury through the time necessary for all the rehabilitation for about three months." Dkt. # 94, at 2. Because of the ambiguous nature of that sentence, it is unclear whether Coffelt returned to work three months after his injury or three months after his surgery.

[2] The certificate of service for the order states that the order was mailed on June 13, 2013. Dkt. # 77. As the order was not entered until August 7, 2013, the certificate of service lists the incorrect date. Compare Dkt. # 77, at 1, with Dkt. # 75.

# 94, at 2.[3]  A copy of the order and a notice were mailed via first class U.S. mail to the Catoosa post office box on September 5, 2013, in accordance with Okla. Stat. tit. 12, § 2004(C)(2)(c). Dkt. # 76.

The show cause hearing was held on September 18, 2013. Dkt. # 78. No authorized representative for Garnishee appeared at the hearing. Id. Magistrate Judge Cleary entered his R & R on December 10, 2013. Dkt. # 89. The R & R recommends that judgment be entered against Garnishee. Id. at 7. The R & R was sent to both the Catoosa post office box and the Foxen Drive address. Id. at 7-8.[4]  Garnishee filed an objection to the R & R, arguing that it was not properly served. Dkt. # 94.

**II.**

The Court must conduct a de novo review of the magistrate judge's R & R. Under 28 U.S.C. § 636(b)(1), a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[3]  There is nothing in the record to suggest that Hitachi was aware that the post office box had been closed for non-payment.

[4]  Garnishee states that the Report and Recommendation "**for the first time lists the registered agent of the Garnishee's address of 26570 Foxen Drive, Claremore, OK 74019**." Dkt. # 94, at 3 (emphasis in original). However, on October 11, 2013, a copy of plaintiff's motion for attorney's fees was mailed to the Foxen Drive address, and a (since vacated) default judgment was mailed to the Foxen Drive address on October 1, 2013. Dkt. # 82, at 2; Dkt. # 97, at 1-2.

### III.

Oklahoma law governs the sufficiency of service of process in garnishment proceedings. Strong v. Laubach, 371 F.3d 1242, 1246-47 (10th Cir. 2004). A garnishment proceeding is commenced by filing an affidavit. Okla. Stat. tit. 12, §§ 1172, 1173.3. The garnishment summons, "together with a copy of the judgment creditor's affidavit, a garnishee's answer form, notice of garnishment and request for hearing, and claim for exemptions," is served as provided for in Okla. Stat. tit. 12, § 2004. Id. § 1173.3. "Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee." Okla. Stat. tit. 12, § 2004(C)(2)(b). A creditor may serve a garnishment summons at the Garnishee's principal place of business. Discover Prop. & Cas. Ins. Co. v. Collins, 299 P.3d 510, 513 (Okla. Civ. App. 2013).

An Oklahoma limited liability company's principal place of business may not be a post office box. Okla. Sec'y of State, Procedure for Organizing an Oklahoma Limited Liability Company 2 (2012), available at http://www.sos.ok.gov/forms/fm0074.pdf; see also Okla. Stat. tit. 18, § 2005 (requiring an Oklahoma limited liability company's articles of organization to include "[t]he street address of its principal place of business"); Smith v. Kroesen, Civ. A. No. 10-5723 (NLH)(AMD), 2013 WL 6187229, at *2 (D.N.J. Nov. 26, 2013) (holding that a post office box cannot be a principal place of business); Spencer v. Pocono Int'l Raceway, Inc., Civil Action No. 3:12-cv-1050, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012) ("[A] P.O. box may not serve as a principal place of business."). While the post office box address to which the summons was sent may have been used by Garnishee in some of its legal documents, it cannot be its principal place of business. Because the summons was not sent to the principal place of business of the Garnishee, nor the address of the

4

Garnishee's registered agent, Garnishee was not properly served. Judgment cannot be rendered against Garnishee for failure to answer because Garnishee had not been "duly summoned." See Okla. Stat. tit. 12, § 1179.

**IT IS THEREFORE ORDERED** that the objection (Dkt. # 94) is hereby **granted**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. # 89) **is rejected**, and the matter is **returned** to the magistrate judge for further proceedings.

**DATED** this 13th day of February, 2014.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE